**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO, | ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>NO. 19-CV-7959 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| Actin Contracting Limited Liability Company, | ) ) ) | |
| Defendant. | ) | |

**<u>COMPLAINT</u>**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; (collectively "the Funds"), Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"); bring this action to collect contributions and administrative dues from Defendant, Actin Contracting Limited Liability Company ("Actin").

**COUNT I - SUIT FOR DELINQUENT CONTRIBUTIONS**

**Facts Common to All Counts**

1.     The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.     Defendant Actin is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a limited liability company engaged in the construction industry with its principal office in East Chicago, Indiana.

3.     Actin identified Michael G. Lopez as President (Exhibit A).

4.     On May 1, 2010 and June 1, 2010, Actin through "Mickey" Lopez, signed three Memoranda of Agreement (attached as Exhibits B, C and D) with the Union that adopted the terms of collective bargaining agreements.  One was known as the Indiana 4-County Heavy, Highway and Underground Agreement (excerpts attached as Exhibit E); another that adopted the terms of a master collective bargaining agreement with the Highway Contractors of Lake, Porter, LaPorte and St. Joseph Counties, Indiana (now the Northern Indiana Independent Contractors Agreement) (excerpts attached as Exhibit F); and the third that adopted the terms of a master collective bargaining agreement with Heavy-Highway & Utility Division, ICA, Inc. (excerpts attached as Exhibit G) (collectively the "CBAs").

5.     The CBAs and the Agreements and Declarations of Trust incorporated therein require Actin to make fringe benefit contributions to the Funds.  The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(1).

6.     The CBAs and Trust Agreements specifically require Actin to:

(a)     Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b)     Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

2

(c)     Pay interest to compensate the Funds for the loss of investment income;

(d)     Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)     Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)     Furnish to the Funds a bond in an amount acceptable to the Funds.

7.     The CBAs also require Actin to make contributions to CRF.  CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).  The CBAs place the same obligations on Actin with respect to CRF as it does the Funds.

8.     The CBAs further requires Actin to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Actin does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9.     Actin has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union.  As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

### Jurisdiction and Venue

10.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

11.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

3

**Allegations of Violations**

12.　　ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13.　　Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14.　　Actin has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

15.　　Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Actin, there is a total of $87,042.19 known to be due the Funds from Actin, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A.　　Enter judgment in favor of the Funds and against Actin for all unpaid contributions as identified in Actin's contribution reports;

B.　　Enjoin Actin to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

4

C.      Enjoin Actin at the Funds' option to submit to an audit of its payroll books and records in order to determine whether Actin owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Actin to pay any contributions reasonably estimated to be due by the Funds for the period when Actin failed and refused to timely submit contribution reports;

D.      Enter judgment against Actin and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.      Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Actin's cost.

### COUNT II.   SUIT TO COLLECT CRF CONTRIBUTIONS

1-9.     CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331.

11.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12.     Actin has not submitted all of its contribution reports to CRF.  Actin has failed to make timely payment of all contributions acknowledged to be due according to Actin's own contribution reports and the collective bargaining agreement, and Actin has failed to pay interest and liquidated damages required by the CBAs.  Accordingly, Actin is in breach of its obligations to the CRF under the CBAs.

13.     That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Actin, there is a total of $1,336.74 known to be due to

CRF from Actin subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A.      Order Actin to submit all delinquent monthly contribution reports;

B.      Enter judgment in favor of CRF and against Actin for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Actin's failure to submit all contribution reports required by the CBAs;

C.      Enjoin Actin to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

D.      Award CRF such further relief as may be deemed just and equitable by the Court, all at Actin's cost.

## COUNT III.  SUIT TO COLLECT UNION DUES

1-9.      The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.      This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

11.      Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12.      Actin has not submitted all of its dues reports to the Union. Actin has failed to make timely payment of all dues acknowledged to be due according to Actin's own reports and the collective bargaining agreement. Actin is required to pay liquidated damages by the CBAs. Accordingly, Actin is in breach of its obligations to the Union under the CBAs.

6

13.     That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Actin, there is a total of $3,646.55 known to be due to the Union from Actin before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A.     Order Actin to submit all delinquent monthly dues reports;

B.     Enter judgment in favor of the Union and against Actin for all unpaid dues, liquidated damages, the Union's reasonable attorneys' fees and costs, including any amounts estimated to be due because Actin failed to submit all dues reports required by the CBAs;

C.     Enjoin Actin to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

D.     Award the Union such further relief as may be deemed just and equitable by the Court, all at Actin's cost.

Dated: December 5, 2019                          Respectfully submitted,

                                                By:   s/ Brad H. Russell
                                                       One of the Attorneys for the Plaintiffs

Attorneys for the Funds and CRF:                Attorneys for Local 150:

Dale D. Pierson (*dpierson@local150.org*)       Dale D. Pierson (*dpierson@local150.org*)
Brad H. Russell (*brussell@local150.org*)       Brad H. Russell (*brussell@local150.org*)
Institute for Worker Welfare, P.C.              Local 150 Legal Dept.
6140 Joliet Road                                6140 Joliet Road
Countryside, IL 60525                           Countryside, IL 60525
Ph: (708) 579-6669                              Ph: (708) 579-6663
Fx: (708) 588-1647                              Fx: (708) 588-1647